UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-CR-373

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| vs. | ) ) ) | ORDER |
| JOSE CALDERON-SILVER. | ) ) ) ) ) | |

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss Count One of the Indictment for Failure to Allege a Cognizable Offense and Manufactured Federal Jurisdiction (Doc. No. 148). Defendant's Motion is DENIED for the reasons stated herein.

On November 16, 2011, the United States filed an indictment with several co-defendants that alleged that the above-captioned Defendant, Mr. Jose Calderon-Silver, conspired to violate 18 U.S.C. § 2314 and § 2315, statutes designed to illegalize the interstate transportation of stolen goods. Defendant is charged only with a single count of conspiracy. (Doc. No. 3, ¶ 33-34).

Defendant first argues that the single count against Defendant must be dismissed because the indictment does not allege that Defendant's conduct affects interstate commerce, which Defendant contends is an essential element of the crime. Indeed, except for one general statement inculpating every defendant, the indictment does not allege any specific act stating that Defendant crossed state lines with stolen goods, though the government indicates they plan to prove at trial that he did.[1] Defendant is said to have loaded and unloaded the trucks of cigarettes,

---

[1] To the extent the indictment is not specific on the acts committed by Defendant, the Court notes the U.S. Attorney's Office in this district provides an open file to Defendants unless the Court is notified otherwise within ten (10) days of the issuance of the standard discovery order. (Doc. No. 98) ("The Court assumes the government intends to observe its usual 'Open-File Polcy.' If the government does not intend to observe an Open-File Policy in

but transportation of the cigarettes by this Defendant is not alleged in the indictment.

However, while interstate transport is an essential element of 18 U.S.C. § 2314, Defendant is not charged with violating that statute. Instead, Defendant is charged with conspiracy pursuant to 18 U.S.C. § 371. Therefore, the indictment need not allege that Defendant participated in every act to satisfy the elements of 18 U.S.C. § 2314 or § 2315, the underlying statutes alleged to have been violated by the conspiracy. Instead, Defendant need only have committed a single overt act in furtherance of the conspiracy. See, e.g., United States v. Rose, 590 F.2d 232, 235 (7th Cir. 1978) ("Whether the substantive crime itself is, or is likely to be, committed is irrelevant . . . a conspiracy to violate [§ 2314] occurs when two or more persons agree to attempt to commit acts which include all the elements of the crime under that section and any overt act is done pursuant to the agreement."); United States v. Rosen, 520 F. Supp.2d 786, 791 (E.D.Va. 2007) ("It is also black letter law that to prove a conspiracy, the government (i) need not prove all the elements of the underlying substantive offense . . . .") (citing Pinkerton v. United States, 328 U.S. 640, 643 (1946)). It is enough that the indictment alleges that the members of the conspiracy agreed to meet all the elements of 18 U.S.C. § 2314 and § 2315, not that *each* member of the conspiracy met all the elements of the underlying crime. Therefore, the indictment is sufficient to confer federal jurisdiction over Defendant in this matter.

Next, Defendant argues that the indictment fails to allege a cognizable offense because Defendant cannot be convicted of a conspiracy to commit an illegal act if the act he allegedly agreed to commit was not illegal. In other words, Defendant argues that it would have been

---

this case, it is hereby directed to file a notice to that effect within **ten business days** of the filing of this Order . . . .") (emphasis in original). The Fourth Circuit found such a policy significant under different circumstances in United States v. Amend, 791 F.2d 1120 (4th Cir. 1986), stating that an open file gave the defendant in that case adequate notice that forfeiture was sought. Likewise, the Court finds that such a policy gives Defendant in this case extra notice of the charges against him, despite finding the indictment alone is sufficient.

legally impossible to conspire to receive stolen cigarettes under 18 U.S.C. § 2315 if the cigarettes had not crossed a state border after being stolen. While Defendant may be correct that the cigarettes were not stolen, but instead were purchased by law enforcement officers, 18 U.S.C. § 21 makes clear that Defendant need only *believe* the items were stolen. See 18 U.S.C. § 21 ("Wherever in this title it is an element of an offense that . . . any property was . . . stolen . . . . such element may be established by proof that defendant, after or as a result of an official representation as to the nature of the property, believed the property to be . . . stolen . . . ."). The indictment specifies that Defendant believed the items were stolen based on an official representation, which satisfies that element of 18 U.S.C. § 2315. (See Doc. No. 3, ¶ 1, 14, 37). Moreover, the indictment states that Defendant unloaded cigarettes in two different states, (Doc. No. 3, ¶ 14), and it is clear from the cigarettes themselves that they were manufactured in yet another state.

The indictment need not contain clear and conclusive evidence of the crimes charged. The indictment must simply "'contain[] the elements of the offense' intended to be charged, 'and sufficiently apprise[] the defendant of what he must be prepared to meet.'" United States v. Hooker, 841 F.2d 12225, 1227 (4th Cir. 1988) (quoting Russell v. United States, 369 U.S. 749 (1962)). The question before the Court is not whether the United States will be able to prove at trial the elements of the crime charged, but whether the indictment, taken as true, is sufficient to establish a violation of the charged offense. See United States v. Todd, 446 F.2d 1062, 1068 (10th Cir. 2006) (internal citation omitted). Here, the Court finds that the indictment is sufficient to allege a cognizable offense that is not legally impossible.

Therefore, because the Court has federal jurisdiction in this case and the indictment is sufficient to apprise the defendant of the offense with which he is charged, Defendant's Motion,

(Doc. No. 148), is HEREBY DENIED.

    IT IS SO ORDERED.

Signed: August 21, 2012

Frank D. Whitney
United States District Judge