FILED
CHARLOTTE, NC

SEP 19 2012

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:11cr373-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **CONSENT ORDER AND** |
| Plaintiff, ) | **JUDGMENT OF FORFEITURE** |
| v. ) | **(PRELIMINARY)** |
| ) | **PENDING RULE 32.2(c)(2)** |
| (8) HESHAM RAHMAN, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant (or any combination of defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under § 853(n), pending final adjudication herein:

**The sum of approximately $9,003.35 from E-Trade Account ending 0874;**

**The sum of approximately $566.39 from Wells Fargo Account ending 5542;**

**The sum of approximately $58,745.71 from Wells Fargo Account ending 8250;**

**The sum of approximately $12,061.70 from Wells Fargo Account ending 2744;**

**The sum of approximately $45,942.65 from Wells Fargo Account ending 3745;**

**The sum of approximately $3244.26 from Wells Fargo Account ending 7085;**

**The sum of approximately $1469.20 from Wells Fargo Account ending 2714;**

**Real property located at 1837 Parson Street, Charlotte, North Carolina, as described in a deed recorded at Book 25825, at Page 704, in the Mecklenburg County Public Registry.**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture; provided, no such notice is required if this order consists solely of a money judgment.

4. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion, deem to be legally sufficient, and waives any and all right to further notice of such process or such destruction.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

MICHAEL E. SAVAGE, ESQ.
Assistant United States Attorney

HESHAM RAHMAN
Defendant

NOELL TIN
Attorney for Defendant

2

Signed this the 19th day of September 2012

_____
UNITED STATES JUDGE